# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

NATIONAL WATER SERVICES, LLC )
)
    Plaintiff, )
) Case No. 4:10-cv-0146-TWP-WGH
    v. )
)
DAVID H. ARNOLD )
)
    Defendant. )

## ORDER ON PLAINTIFF'S MOTION TO DISMISS

This case comes before the Court on Plaintiff, National Water Services, LLC's ("Plaintiff"), Motion to Dismiss this case for lack of jurisdiction. For the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Dismiss (Dkt. 13).

On November 18, 2010, Defendant David H. Arnold ("Defendant"), filed a Notice of Removal (Dkt. 1) of this action from the Circuit Court of Orange County, Indiana. On November 29, 2010, Plaintiff voluntarily dismissed its complaint in the Orange County Circuit Court. Plaintiff then filed a second complaint in the county court on December 1, 2010. In Plaintiff's second complaint, it removed Count III from the original complaint -for the recovery of bonuses paid to Plaintiff while an employee of Plaintiff. By removing Count III, Plaintiff reduced the total claims asserted against Defendant which eliminated the $75,000.00 threshold for federal diversity jurisdiction. On December 2, 2010, this Court issued an Entry that the Notice of Removal failed to allege facts necessary to support federal jurisdiction over this case (Dkt. 8). Defendant timely cured these defects, and an entry acknowledging sufficient facts to support removal was issued on December 21, 2010 (Dkt. 11).

Plaintiff now argues that because the original complaint was dismissed before this Court ruled on the show cause order, this Court did not assume jurisdiction over the matter until December 21, 2010 and by that date, the amount in controversy requirement for jurisdiction had been removed from the complaint. Plaintiff further alleges that because counsel's email address was not current, Plaintiff did not learn of the federal proceedings until February 14, 2011, and that since it did not receive notice of the preceding federal filings, this matter should be dismissed. The Court is not persuaded.

A notice of removal is effective as of the date the defendant mails the notice of filing to the state court clerk. *Muhonen v. AT & T, Inc.*, 2009 WL 3013530, at *4 (D. Minn. September 16, 2009); *see also Deveer v. Gov't. Employees Ins. Co.*, 2008 WL 4443260 (E.D.N.Y. September 26, 2008). Further, "whether an action was properly removed to federal court is determined based on the pleadings *at the time of removal*." *Deveer*, 2008 WL 4443260 at *3 (emphasis added); *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 256 F. Supp. 2d 884, 889 n.5 (S.D. Ind. 2003) ("[R]emoval must be determined on the basis of the plaintiffs' pleadings at the time of removal, without regard to subsequent development."). Any documents filed in the state court after that date are not properly filed in the federal action. *Muhonen*, 2009 WL 3013530 at *4.

Though the initial removal required an additional supplemental statement of jurisdiction, Defendant's November 18, 2010 removal nonetheless conferred jurisdiction instantaneously. Plaintiff was served with a copy of the Notice of Removal. Any document filed in the state court after November 18, 2010, including the voluntary dismissal of the original state court complaint, is not properly filed in the *federal* action. Since this Court was conferred jurisdiction on

November 18, 2010 and a Motion to Remand was not filed[1], the question then becomes whether voluntary dismissal is warranted. The Court finds that it is not.

When a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Fed. R. Civ. P. 41(a). Here, both parties' claims deal with matters of alleged actions stemming from an agreement entered into by the parties; therefore, adjudication of both claims should be contemporaneous. The Court has not been presented with sufficient reasons to relinquish jurisdiction over Plaintiff's claim. Plaintiff's Motion to Dismiss (Dkt. 13) is therefore **DENIED**.

IT IS SO ORDERED.

DATE: 08/12/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

H. Edwin Bornstein
BORNSTEIN & BORNSTEIN PSC
heblaw@aol.com

Marilyn Tucker Fullen
TUCKER AND TUCKER, P.C.
lyn@tuckerandtuckerlawyers.com

---

[1] Ultimately, filing users must notify the clerk in writing within 28 days of any change of address, electronic or otherwise. Local Rule 5.7(a). Even beyond the attorney's responsibility to update their information if it changes, Local Rule 5.8 states, "*Electronic transmission of a document to the Electronic Case Filing System* consistent with these rules, *together with the transmission of a Notice of Electronic Filing from the Court*, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure and the local rules of this Court…." *Id.* (emphasis added). Therefore, once an attorney files its motion electronically through ECF, the delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Federal Rule of Civil Procedure 5(b)(2)(E) on each party who is a registered user of ECF. It is undisputed that Plaintiff's counsel is a registered user. The Court finds Plaintiff's conclusory statement that it "did not receive notice of any of the federal court findings because they were being submitted to [counsel's] prior work e-mail address" unpersuasive. Plaintiff does not present the Court with explicit statements evidencing the fact that the account had been closed or disabled, or that the Court would have received a notice of failed delivery when notices of electronic filing were sent.